The opinion of the Court was delivered by
Mr. Justice Grimke.
I am of opinion, that the misrepresentation held forth as to the solvency of Walker Co., that they would pay the note if called on in two or three days, and that it was as good as gold-dust,tended to discredit the insolvency of Walker Co., and to throw the plaintiff entirely off his guard. Besides, it did not appear by the evidence, that the report of Walker 8r Co. being insolvent was generally credited, for the only two witnesses who testified as to that point, declared themselves of directly contrary opinion: one asserting that they were insolvent at that period, and the other contending that they were not so; and neither was it proved that such rumour of insolvency had ever reached the ear of the plaintiff, only that he lived in the neighbourhood, and might have heard of it.
The conduct, then, of the plaintiff was founded on the representation of the defendant; and since the defendant, knowing, as was proved, the doubtful suspicions and insecure character of Walker &* Co., undertook to declare their solvency, there was such a manifest want of good faith in his behaviour; such a suppression of the truth of the circumstances of that Co. and such a de *224 ceitful and false lure thrown out to entrap plain- ^ r 1 tiff, as must vitiate the contract lie induced the plaintiff to make with him.
I will observe, upon the subject of the intoxication of the plaintiff at the time that this contract was entered into, that 1 should not have considered that circumstance alone as of sufficient weight to have nullified the Contract; but that, if this case had wanted the several characters of fraud which have been detailed in it, and had rested only on the drunkenness of the plaintiff, I should have held him to his bargain; for this Court is not bound to watch over every act of folly committed by a man, nor to give him relief in such cases, which common prudence would have guarded him against, if he had not voluntarily disabled himself from using his judgment. The motion must, therefore, be discharged.
Cokoclc, Gantt, and Johnson, J. concurred.
Cheves and JVott, J. dissented.